IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 18 2014
ARTHUR JOHNSTON
BY _____ DEPUTY

| | |
|---|---|
| J. B., A MINOR, BY AND THROUGH T. B., HIS FATHER AND NEXT FRIEND<br><br>Plaintiffs<br><br><br>MADISON COUNTY SCHOOL DISTRICT<br><br><br>Defendant | CIVIL ACTTION NO.: 3:14cv735 DPJ-FKB<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Comes now plaintiffs, J. B., A Minor by and through T. B. His father and next friend and file this complaint against the Madison County School District and in support thereof would show onto the Court the following:

### PARTIES

1.  Plaintiff, J. B., is a minor resident of Madison County, Mississippi.

2.  Plaintiff, T. B. is an adult resident citizen of Madison County, Mississippi; the parties are being identified by their initials to protect the privacy of the minor plaintiff.

3.  The Madison County School District (MCSD) is a political subdivision of the State of Mississippi having authority, duties and powers as provided under the laws of the State of Mississippi for the operation of the public schools within the district and whose chief executive officer and Superintendent of Education upon whom process may be served is Honorable Ronnie L. McGehee whose office is located at 117 NW 4th Street, Flora, Mississippi.

1

## JURISDICTION

4. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.§§ 1331 and 1343. The Court has jurisdiction over the state law claims pursuant to 28 U.S.C.§1367.

## VENUE

5. Venue is appropriate in this Court pursuant to 28 U.S.C.§1391 (b) as the actions alleged herein occurred in Madison County, Mississippi which is within the Southern District of Mississippi.

## FACTS

6. The minor plaintiff, J.B., began attending school at Germantown High School in August, 2013 where he was in the 9th grade. During the fall semester J.B. took the following courses: English I, Mississippi Studies, Algebra I, Freshman Focus, JROTC I, Spanish I and Introduction to Biology. At the end of the first semester the minor plaintiff had successfully completed the first semester courses and was a member of the honor roll.

7. The minor plaintiff also attended Germantown High School for the 2nd semester which began in early January, 2014. His courses were: English 1, Physical Education Semester, World Geography, Algebra I, Freshman Focus, JROTC I, Spanish I and Introduction to Biology.

8. On or about January 15, 2014 a female student who attended Germantown High School took a nude photograph of herself using a cell phone which she then sent by way of text message to one or more students who attended the high school. One of the students who received the text message containing the nude selfie forwarded a copy to J. B., the minor Plaintiff.

9. On or about January 27, 2014, J. B., using his home computer while at his home established, an instagram page which he entitled "Germantown Whores". The following day,

January 28, 2014, J. B. was attending class at Germantown High School and during the break from one of his classes he uploaded a copy of the nude photograph of the female student to the Instagram page entitled "Germantown Whores".

10. Shortly after J.B. posted the nude selfie to the Instagram page the administrators at the high school, who commenced an investigation, determined that J.B. was the student who had posted the photograph. Mr. Ted Poore, principal at the high school suspended J.B. immediately pending a disciplinary hearing with a recommendation that J.B. be expelled from Germantown High School for one year and placed at the Academic Options Center (AOC), which is the Madison County alternative school, through December, 2014. J.B. was not permitted to return to Germantown High School after January 28, 2014.

11. J.B. and his parents requested a hearing and in due course retained an attorney to represent J.B. Written notice was provided by the school district which specified the reasons for the disciplinary action and the matter proceeded to a hearing before the disciplinary committee. J.B., his parents, and his attorney appeared at the due process hearing after which the disciplinary committee voted to uphold and approve the recommendation of the principal to expel J.B. from Germantown High School for one year and placed him at the District's alternative school through December, 2014.

12. J.B. exercised his right to appeal the decision and recommendation of the principal and disciplinary committee to the Madison County School Board. The plaintiffs and their attorney appeared before the school board and after hearing the matter the school board voted to approve the recommendation of the principal and ordered that J.B. be expelled from Germantown High School from January 28, 2014 through December 31, 2014 and permitting him to return to the high school at the beginning of the January, 2015 semester.

13. J.B. has been attending the district's alternative school located in Canton, Mississippi since on or about January 29, 2014.

14. At the AOC the defendant has failed to make available to J.B. the JROTC program in which he was enrolled at the high school. In addition the District does not provide a Spanish I teacher to teach the minor plaintiff at the AOC. In addition, the courses which do have teachers are not taught at the same degree of rigor and with the same degree of intensity as those subjects are taught by the teachers at the high school and the teacher who teach at the AOC are not all "highly qualified" as they are at Gemantown High School.

15. During the first week that J.B. attended the AOC he was assaulted by another student during recess and as a result J.B. sustained physical injuries. On information and belief J.B. alleges that the student who assaulted him had been placed in the alternative school for fighting. In addition, at the time of the assault there was no adult supervision on the grounds where the assault took place. J.B. did not report the assault to the administration or to a teacher for fear of retribution from the student who has assaulted him, especially in light of the fact that no adults supervise the students during the recess periods.

16. J.B. completed the spring semester 2014 at the alternative school and successfully passed all of his classes. J. B. is now attending the fall semester at the AOC but he was not allowed to take the courses which he would have taken at Germantown High School. As an example he was not offered Spanish II which is required for graduation. In addition J.B. and his parents requested that J.B. be provided with the following classes for the current semester: Driver's Ed., Art, Biology I, English II, Family Dynamics, Geometry, JROTC, Spanish II and World History. AOC does not offer Spanish II, Driver's Ed., Family Dynamics or JROTC. While Art is offered it conflicted with J.B.'s English class and since there is only one art class

taught J.B. could not take Art because of the conflict with English II. In addition there is not a complete lab for biology, as there is at Germantown. The administrator placed J.B. in the following classes for the current semester: Geometry, Graphic Design, Learning Strategies Grades 9-12 (which J.B. successfully completed in the fall semester 2013 and is therefore taking it for a second time), English II, Biology I (without a complete lab), Creative Writing, World History and Contemporary Health.

17. J.B. will attend a 4 year institution of higher learning upon completion of his high school education, and J.B. and his parents had developed a 4 year academic plan for the courses J.B. would take each semester in order for him to complete his high school curriculum in an orderly fashion and on time. Upon completion of college it is B.J.'s plan to join the military and therefore the JROTC classes were a part of the academic plan developed by J.B.. and his parents.

18. J. B. and his parents allege that is will be necessary to hire tutors to assist J.B. in catching up in Spanish I and in other classes due to the MCSD not providing the same courses at the AOC and providing J.B. with teachers who are as qualified as those at Germantown High School.

## COUNT I

### Violation of Civil Rights, 42 U.S.C. §§ 1983 and 1988

19. Plaintiffs re-allege paragraphs 1 through 18 of this complaint and incorporate them herein by reference.

20. Defendant and its employees at all relevant times acted under color of state law.

21. Defendant's conduct under state law violated plaintiff's right of free speech, and the right to be free from unreasonable and excessive punishment as secured by the First, Eighth and Fourteenth Amendments of the Constitution of the United States.

22. Prior to the events described herein, the Madison County School District developed and maintained policies, practices and/or customs exhibiting deliberate indifferences to violations of constitutional rights of students attending its alternative school or Academic Options Center.

23. The Madison County School District failed to adequately and properly train and supervise its employees in various aspect of maintaining discipline and the prevention of assaults of its students by other students.

24 The above-described acts and omissions by MCSD and its employees at the alternative school demonstrates a deliberate indifference to the constitutional rights of the minor plaintiff and others similarly situated and were the cause of violations of the plaintiff's rights under the First, Eighth, and Fourteenth Amendments of the Constitution of the United States.

25. As a result of the school district's violation of plaintiff's constitutional rights, plaintiff suffered substantial injuries and damages, including, but not limited to, personal injury, and denial of an education opportunity which is equal to that received by students at all other high schools within the school district.

26. During the events alleged in this complaint the Principal of Germantown High School, the members of the grievance committee, the members of the Madison County School Board, the Madison County Superintendent of Education and the employees of the Academic Options Center acted in concert, within the course and scope of their employment and under color of state law.

27. The action for which J. B. was expelled, i.e., publishing a nude photograph to an instagram page, was not specifically prohibited by school board policies nor was it listed in the student handbook as being an offense for which a student could be disciplined. J. B. exercised

his right under the First Amendment to the expression of free speech for which he was expelled in violation of his constitutional rights.

28. In the process of punishing J. B. for exercising his First Amendment right to free speech MCSD expelled him for a period of one year which violated his right to be free from excessive and cruel and unusual punishment guaranteed to him by the Eight Amendment to the United States Constitution.

29. Defendant violated 42 USC§1983; defendant's conduct operated to deprive the minor plaintiff of his rights guaranteed by the United States Constitution and federal statutes.

30. As a direct and proximate result of the foregoing, defendant deprived plaintiff of his rights and privileges as a citizen of the United States, and defendant has caused plaintiff to suffer personal injury, financial injury, significant indignities, humiliation, embarrassment and emotional distress and has interfered with the minor plaintiff's ability to receive the education to which is entitled.

31. WHEREFORE, pursuant to 42 USC §1983 and 42 USC §1988, plaintiffs pray for judgment against the defendant for damages in the sum $200,000.00 and punitive damages in the sum of $200,000.00 to deter like or similar conduct in the defendant and others, plus costs and attorney's fees.

## COUNT II

### Violation of First, Eighth and Fourteenth Amendments

32. Plaintiffs re-allege paragraphs 1 through 31 on this complaint and incorporate them herein by reference.

33. This cause arises under the First, Eight and the Fourteenth Amendments of the United States Constitution.

34. The minor plaintiff's constitutional rights which were violated by the defendant include the following:

    A. Plaintiff's right to free speech protected by the First Amendment;

    B. Plaintiff's right to be free from excessive fines and cruel and unusual punishment protected by the Eight Amendment; and

    C. Plaintiff's rights to due process of law protected by the Fourteenth Amendment.

    D. Plaintiff's rights to equal protection under the law protected by the Fourteenth Amendment.

35. The defendant's conduct was undertaken under color of law and operated to deprive the minor plaintiff of rights guaranteed under the United States Constitution.

36. As a direct and proximate result of the foregoing, defendant deprived the minor plaintiff of his rights and privileges as a citizen of the United States, and the defendant caused the minor plaintiff to suffer personal injury, financial injury, significant indignities, humiliation, embarrassment and emotional distress and has interfered with the minor plaintiff's ability to receive the education to which he is entitled.

37. WHEREFORE, pursuant to 42 USC §1983 and 42 USC §1988, plaintiffs pray for judgment against the defendant for damages in the sum $200,000.00 and punitive damages in the sum of $200,000.00 to deter like or similar conduct in the defendant and others, plus costs and attorney's fees.

## COUNT III

### Violations of No Child Left Behind, 20 USC §6301, et seq.

38. Plaintiffs re-allege paragraph 1 through 37 of this complaint and incorporate them herein by reference.

39. The Elementary and Secondary Education Act of 1965, as amended by the No Child Left Behind Act of 2001, 20 USC §6301, et seq., requires and mandates that each student, including the minor plaintiff, must be provided with "highly qualified" teachers and the student, including the minor plaintiff, must be taught the same curriculum using the same curriculum standards as all other student who attend schools in the Madison County School District.

40. The Defendant has violated, and is in violation of, these laws and statutes in that the teachers at the AOC are not highly qualified, the curriculum offered at the AOC does not include the same course offerings which are available at the other high schools, including Germantown High School, and the AOC is not equipped with science labs as are the high schools.

41. As a direct and proximate result of the Defendant's violations of the Act the minor plaintiff is receiving an education which is so inferior in quality as compared to the education offered other students of the Madison County School District who attend school at Germantown High School and the other high schools of the district so as to deprive the minor plaintiff, and other similar situated, of the education to which he is guaranteed by United States Constitution and the applicable federal statutes and which will require the minor plaintiff's

parents to hire tutors for the minor plaintiff to aid and assist him to make up for the inferior education he is receiving at the AOC.

42. As a direct and proximate result of the Defendant's conduct as aforesaid, the minor plaintiff has been denied the level of education to which is entitled under the federal statutes, including, but not limited to the No Child Left Behind Act.

43. Plaintiffs further represent to the Court that the Defendant has developed and maintained policies, practices, and/or customs exhibiting deliberate indifference to the violations of constitutional and statutory rights of students who were expelled from their respective schools and placed at the Academic Options Center where the level of education is so deficient that each student is denied the education to which he or she are entitled under the United States Constitution, the Mississippi Constitution and the federal statutes herein enumerated.

44. WHEREFORE, plaintiffs pray for judgment against the defendant for damages in the sum $200,000.00 and punitive damages in the sum of $200,000.00 to deter like or similar conduct in the defendant and others, plus costs and attorney's fees.

## COUNT IV

### Preliminary and Permanent Injunctive Relief

45. Plaintiffs re-allege paragraphs 1 through 44 of this Complaint and incorporate them herein by reference.

46. Defendant, Madison County School District, has developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the violation of constitutional rights of students expelled from their respective schools and transferred to the district's Academic Options Center where each student is deprived of his or her constitutional

right to an education consistent with, and equal to, the education offered other students at other schools of the district.

47. Plaintiffs allege the Defendant continues to the present to violate the constitutional rights of all students placed at the Academic Options Center and unless the District is enjoined from doing so, in all likelihood, it will continue in its policies and customs of violating the constitutional and statutory rights of those students.

48. Plaintiff further alleges that the minor plaintiff is entitled to a preliminary injunction enjoining the Madison County School District from depriving the minor plaintiff of the same course offerings taught by highly qualified teachers at the Academic Options Center.

49. The minor plaintiff further alleges that if he is required to remain at the Academic Options Center through December, 2014 he will be irreparably injured and harmed by the loss of time which he will incur as a result of having to receive tutoring to make up for the deficiencies of his education at the Academic Options Center and the time required for the minor plaintiff to take additional course work in order to satisfactorily complete his secondary education on schedule so that he will be eligible for acceptance at an institution of higher learning.

50. The plaintiffs further allege that the Court should enter a permanent injunction ordering the Defendant to provide to the students at the Academic Options Center the same curriculum offered in other schools of the district with teachers who are equally qualified to those who teach at other schools of the district. The Defendant should further be ordered to construct and maintain the necessary science labs at the Academic Options Center so that students who are required to participate in lab exercises as a part of their education and course work are not penalized and so that they are provided an educational opportunity which is equal to that of the students at the other schools of the district.

51. WHEREFORE, Plaintiffs pray, that pending a trial of this case on its merits, this Honorable Court will fix a date, time and place for hearing on the matter of the issuance of a preliminary injunction and upon hearing the Court will enter a preliminary injunction enjoining the Defendant from continuing to operate the Academic Options Center until such time as it has provided students with the necessary science laboratories, the same curriculum which is offered at the other schools of the district and is provided highly qualified teachers to teach those subjects so that the minor plaintiff will receive an education which is equal to the education received by those students attending Germantown High School.

52. PLAINTIFFS FURTHER PRAY that after a trial of this cause on its merits the Court will enter judgment making the preliminary junction a permanent injunction so that all students who attend the Academic Options Center will receive an education which is equal to that offered to other students who attend other schools of the district.

## COUNT V

### Intentional Infliction of Emotional Distress

53. Plaintiffs re-allege paragraph 1 through 52 of this complaint and incorporate them herein by reference.

54. Defendant's violation of plaintiff's civil rights described herein above abused the minor plaintiff in such a manner that was extreme, outrageous, unjustified and caused the minor plaintiff to suffer physical and emotional distress.

55. These intentional abuses of the minor plaintiff were done with actual malice and/or wanton indifference to and deliberate disregard for human life and the rights of the minor plaintiff.

56. As a direct and proximate result of the foregoing, Defendant deprived the minor plaintiff of his rights and privileges as a citizen of the United States, and Defendant caused the Plaintiffs to suffer personal injury, financial injury, and caused the minor Plaintiff significant indignities, humiliation, embarrassment, mental and emotional pain and suffering, all to the general damage in a sum which will be proven at trial.

57. WHEREFORE, plaintiffs pray for judgment against the defendant for damages in excess of the minimum jurisdictional limits of this court and in such an amount as a jury shall determine to be adequate to compensate the plaintiffs for their harms and losses and punitive damages in such an amount as a jury shall determine to be sufficient to punish the defendant for its conduct and to deter like or similar conduct in the defendant and others, plus costs and attorney's fees.

## COUNT VI

### Attorney's Fees

58. Plaintiffs re-allege paragraph 1 through 57 of this Complaint and incorporate them herein by reference.

59. If plaintiff prevails in this action, by settlement or otherwise, plaintiffs are entitled to and hereby demand attorney's fees under 42 USC §1988.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for the relief requested as soon as they may be heard.

Respectfully submitted,

J.B. A Minor, by and Through T.B
HIS FATHER AND NEXT FRIEND,
PLAINTIFFS
BY:___/S/ John W. Christopher
John W. Christopher
Attorney for Plaintiffs

13

John W. Christopher, MSB #6100
Attorney at Law
645 Lakeland East Dr., Suite 101
Flowood, MS 39232
Telephone:    (601) 898-3303
Facsimile:    (601) 932-4527
Email: johnchristopherlaw@gmail.com